# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY ALLEN RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-814-HE |
| ) | |
| DIAN ORTEGA, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jeremy Russell, a pre-trial detainee appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging various violations. (ECF No. 1). Chief United States District Judge Joe Heaton referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the Court **DISMISS** the Complaint.

## I. SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court likewise must review each case brought by a prisoner with respect to prison conditions and each case in which a plaintiff proceeds *in forma pauperis*. 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint or any portion of the

complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

## II.   STANDARD OF REVIEW

The Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. See Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Mr. Russell is proceeding pro se, his complaint must be construed liberally. See id. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint, however, are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." Hall v. Bellmon, 935 F.2d

1106, 1110 (10th Cir. 1991); see also Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint"). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." Iqbal, 556 U.S. at 679; see also Gee v. Pacheco, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing Iqbal).

### III. FACTUAL BACKGROUND AND NAMED DEFENDANTS

Mr. Russell is a pre-trial detainee in the Comanche County Detention Center (CCDC). (ECF No. 1:3, 4). On May 3, 2017, Plaintiff made a "sick call" request and an appointment was made for him at the Jim Taliaferro Mental Health Center (Taliaferro). (ECF No. 1-1). The request was received by Defendant Dian Ortega, whom Plaintiff identifies as the medical administrator at the CCDC. (ECF No. 1:1, 4; 1-1). On the request, Ms. Ortega noted that Plaintiff was saving his medication and not taking it and that an appointment had been made at Taliaferro because Plaintiff had presented potential harm to himself or others. (ECF No. 1-1). On that same document, however, Ms. Ortega noted that the appointment had been cancelled. (ECF No. 1-1). Apparently, the appointment had been cancelled because Taliaferro had refused to fill Mr. Russell's prescriptions. (ECF No. 1-2). Meanwhile, however, staff at the CCDC were giving Plaintiff his medication in a "crushed pill form" but Plaintiff was refusing it in that form out of a fear of being poisoned.

3

(ECF No. 1-2, 1-3). Upon learning that Taliaferro would not fill the prescription, Mr. Russell requested that it be filled at the "County Pharmacy." (ECF No. 1-4).

Plaintiff has named four defendants in the complaint: Dian Ortega, Medical Administrator of the CCDC; FNU Hobbs, Jail Administrator at the CCDC; Johnny Owens, County Commissioner; and FNU Orr, Chief of Security at the CCDC. (ECF No. 1:4-5). Plaintiff is suing all four Defendants in their official and individual capacities and seeks monetary damages. (ECF No. 1:4-5, 7-8).

## IV. CLAIMS FOR RELIEF

Mr. Russell asserts two claims for relief: (1) "Refusal of mental health medaction" [sic] and (2) "Medical neglagents to a mental heath [sic] pationt [sic]." (ECF No. 1:6-8). To support his claim that he was refused medication, Mr. Russell states:

> Dian Ortega for tackin [sic] me off my meds and refusing to refill thim [sic] at the County Pharmycy [sic] Cpt-Cheif [sic] Orr for not answering my grievance and making the call to have my meds stoped [sic] Hobb for not answering my request to staff and letters Johnny Owens for refuseing [sic] to answer my letters or do anything about this issue[.]
>
> . . .
>
> I sent in two sick calls 1 request to staff (RTS) and 1 grievance form that I hand copyed [sic] and did not get no answer on all are being filed w/this form."

(ECF No. 1:6-7).

To support his claim for "Medical Negligence," Plaintiff states: "I have two sick call slips a (RTS) Request to Staff and a Hand Copyed [sic] grievance form singed [sic] by

wittness [sic] that saw me fill out and send the form in to the cpt/cheif [sic]." (ECF No. 1:8).

Liberally construed, the undersigned considers that these claims allege violations under the Eighth Amendment for deprivation of medical care while housed in the CCDC.

## V. STANDARD FOR EIGHTH AMENDMENT DENIAL OF ADEQUATE MEDICAL CARE

The Constitution, through its Eighth Amendment, imposes on state governments an "obligation to provide medical care for those whom [they are] punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if they fail to do so, those needs will not be met." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, "[b]ecause society does not expect that prisoners will have unqualified access to health care," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), an inmate cannot hold a prison official liable unless the inmate shows that he or she suffered "acts or omissions sufficiently harmful to evidence deliberate indifference to [the inmate's] serious medical needs," *Gamble*, 429 U.S. at 106. "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.*

The Tenth Circuit "recognize[s] two types of conduct [that] may constitute deliberate indifference in a prison medical care case: (1) a medical professional failing to treat a serious medical condition properly; and (2) a prison official preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's condition." *Self v. Crum*, 739 F.3d 1227, 1231 (10th Cir. 2006). "The test for constitutional liability" in either case "involves both an objective and a

5

subjective component." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotation marks omitted).

Regarding the objective component, the "prisoner must first [show] . . . that the deprivation at issue was in fact 'sufficiently serious.'" *Mata,* 427 F.3d at 751 (quoting *Farmer,* 511 U.S. at 834). The subjective component requires a plaintiff to show "the prison official's culpable state of mind" and may be satisfied with allegations the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* So, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Id.* (quotation omitted).

In addition to the specific requisites involving an Eighth Amendment claim, personal participation is "an essential" element in any § 1983 action. *See Bennett v. Passic,* 545 F.2d 1260, 1262–63 (10th Cir. 1976).

## VI. DISMISSAL OF PLAINTIFF'S CLAIMS

The Court should dismiss Plaintiff's claims against all four Defendants.

### A. Claim One

In Claim One, Mr. Russell argues that he has been denied medical care in violation of the Eighth Amendment through: (1) Defendant Ortega's denials of Plaintiff's request for a specific medication and (2) the failure of Defendants Orr, Hobbs and Owens to respond to various requests to staff, grievances, and letters. (ECF No. 1:6-8).

### 1. Defendant Ortega

Plaintiff alleges that Defendant Ortega is liable under the Eighth Amendment for taking Plaintiff off of his medication and refusing to refill a prescription at the County Pharmacy, which is presumably located in the CCDC. (ECF No. 1:6). Denial of medication could state a claim for liability under the Eighth Amendment. *See supra*, *Self v. Crum*. However, according to the evidence submitted by Plaintiff himself, he was not being refused his medication outright, rather jail officials were giving him the medication, but only in a "crushed pill form" which he refused to take, out of fear of being poisoned. (ECF No. 1-3). Indeed, Ms. Ortega noted that "medication was being sa[ved] and not taken" and Plaintiff admitted that he was refusing to take the medication that CCDC officials were giving him. (ECF No. 1-1, 1-2). Thus, while Plaintiff alleges that he was "being refused [his] medication,"[1] the evidence shows otherwise. By Plaintiff's own admission, he will "not take crushed pill" and "if [his] medication is crushed [he] will not take them [because] [he] refuse to be poisend [sic] again." (ECF No. 1-2, 1-3).

Plaintiff's allegations against Defendant Ortega represent nothing more than a disagreement regarding a course of treatment. Plaintiff wanted his medication in whole pill form and was refusing it in a crushed form. These allegations are insufficient to support an Eighth Amendment claim. *See Perkins v. Kansas Dep't of Corr.,* 165 F.3d 803, 811 (10th Cir. 1999) ("prisoner who merely disagrees with a diagnosis or a prescribed

---

[1] (ECF No. 1-2).

course of treatment does not state a constitutional violation."). Accordingly, the Court should dismiss Claim One as it pertains to Defendant Ortega.

### 2. Defendants Orr, Hobbs, and Owens

The Court should also dismiss Claim One as to Defendants Defendants Orr, Hobbs, and Owens. In Claim One, Plaintiff alleges only that these individuals failed to answer a grievance, a request to staff, and "letters" which Plaintiff had apparently sent in an effort to obtain a specific medication. (ECF No. 1:6). But nowhere in the complaint does Plaintiff allege that Defendants Orr, Hobbs, and/or Owens were personally involved in denying Mr. Russell his medication. *See* ECF No. 1. And the Tenth Circuit Court of Appeals has held that the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983"). *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2013).

Under similar facts alleging an Eighth Amendment violation against a defendant who failed to respond to a grievance, a magistrate judge in this Court stated: "Plaintiff did not allege Defendant Rios personally confiscated his CPAP machine, and the Warden's involvement in Plaintiff's administrative relief attempts does not establish his personal participation in the alleged denial of medical treatment." *Report and Recommendation*, *Daly v. L.C.F.*, No. CIV-15-503-C, 2016 WL 721551, at *5 (W.D. Okla. Jan. 15, 2016). The District Judge adopted the magistrate judge's findings and ordered dismissal of the claims against the defendant based on Plaintiffs failure to allege that the defendant had

8

been personally involved in the constitutional deprivation. *See Order*, *Daly v. Miller*, No. CIV-15-503-C, 2016 WL 727226 (W.D. Okla. Feb. 23, 2016).

Because Mr. Russell failed to allege that Defendants Orr, Hobbs, or Owens had been personally involved in the deprivation of his medication, the failure of these individuals to respond to a grievance or a letter, is insufficient to establish liability under the Eighth Amendment. Based on the Tenth Circuit's holding in *Gallagher*, and this Court's dismissal under similar circumstances in *Daly*, the Court should dismiss the claims against Orr, Hobbs, and Owens for failure to state a claim.

### B. Claim Two

The Court should also dismiss Claim Two. The allegations in support of Claim Two for "Medical Neglagents [sic] to a Mental Heath Pationt [sic]" are: "I have two sick call slips a (RTS) Request to Staff and a Hand Copyed [sic] grievance form singed [sic] by wittness [sic] that saw me fill out and send the form in to the cpt/cheif [sic]." (ECF No. 1:8). Liberally construing this claim, the undersigned presumes that Plaintiff is alleging that Defendants Hobbs and Orr were negligent in failing to respond to Plaintiff's grievance and request to staff. But, as stated, these allegations are insufficient to support constitutional liability. *See supra*. Furthermore, the United States Supreme Court has held that an allegation of mere negligence is insufficient to state a claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103, 106 (1976). Accordingly, the Court should dismiss Claim Two for failure to state a claim.

## VII. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should **DISMISS** the Complaint, without prejudice, for failure to state a claim upon which relief may be granted.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **September 25, 2017.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VIII. STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on September 6, 2017.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE